United States District Court
Southern District of Texas
**ENTERED**
April 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| EDWARD MANUAL CORBETT, § | |
| § | |
| Plaintiff, § | |
| V. § | CIVIL ACTION NO. 2:24-CV-00102 |
| § | |
| CITY OF ROCKPORT, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 12). The M&R recommends that the Court dismiss Plaintiff's complaint with prejudice. *Id.* at 1. After review, the Court **OVERRULES** Plaintiff's objections, (D.E. 25), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 12).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)

(per curiam).

## II. Objections

Plaintiff begins with an objection regarding access to sufficient legal materials, access to the courts, and insufficient time in the law library. *See* (D.E. 25, p. 2–16). The M&R recommends dismissal of these claims on the grounds that Plaintiff has failed to allege how his insufficient access to legal materials and time in the law library rendered him unable to bring a nonfrivolous legal claim or changed the results of lawsuits he has already filed. (D.E. 12, p. 25–26). Plaintiff's objection includes a wide-ranging summary of various cases. *See* (D.E. 25, p. 3–16). However, Plaintiff fails to explain how those cases demonstrate any alleged errors in the M&R's reasoning. Plaintiff simply states that "by the Plaintiff only being given the same four outdated books by staff members, he was unable to [meaningfully] legal research, or to understand civil procedures or requirements [which] is why his following cases against the County were dismissed." *Id.* at 12. Assuming Plaintiff is referring to his previous cases before this Court, as the M&R points out, Plaintiff was represented by counsel in one of those cases, rendering his claim for insufficient library resources frivolous. (D.E. 12, p. 25). And, regarding his claim for insufficient time, the M&R correctly concluded that Plaintiff has failed to show that his position as a litigant was prejudiced. *Id.* at 26. What's more, the M&R notes that Plaintiff has raised these claims previously in lawsuits before this Court, both of which were dismissed with prejudice. *Id.* at 24–25. Accordingly, the doctrine of claim preclusion applies to bar Plaintiff from re-asserting his claims now. *Id.* at 25–27 (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). The Court **OVERRULES** this objection.

Plaintiff next objects to the M&R's recommendation regarding his claims for discrimination, deliberate indifference, and failure to protect. (D.E. 25, p. 17–31). The M&R recommends dismissal of all three for failure to state a claim. (D.E. 12, p. 13, 16–17). Specifically, the M&R explains that a claim for discrimination in the form of verbal abuse is not cognizable under § 1983. *Id.* at 12. And,

with respect to deliberate indifference and failure to protect, Plaintiff fails to plausibly allege facts objectively indicating a substantial risk of serious bodily harm and seeks relief (money damages) that is unavailable because he suffered no physical injury. *Id.* at 15–16.

With respect to discrimination, Plaintiff asserts that "verbal attacks are an attack on a persons mental core[;] degrading a person with words is worse sometimes than physical abuse . . . ." (D.E. 25, p. 19). The Court agrees that words can sometimes cause greater suffering than physical attacks. However, the M&R correctly concludes that "[v]erbal abuse by a prison guard does not give rise to a cause of action under § 1983." (D.E. 12, p. 12) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Accordingly, the Court **OVERRULES** this objection.

With respect to deliberate indifference and failure to protect, Plaintiff asserts he was left in an eight-man tank to be threatened and harassed by other predatory inmates, which subjected him to weeks and months of continued abuse and harassment. (D.E. 25, p. 21–22). Plaintiff asserts that by placing him in an eight-man tank after inmates were told of Plaintiff's homosexual lifestyle, Officer Mendoza placed Plaintiff in imminent danger of assault and attack. *Id.* at 23. However, as the M&R correctly notes, Plaintiff has failed to allege the subjective component of his deliberate indifference claim. (D.E. 12, p. 16). Accordingly, even if Officer Mendoza placed Plaintiff in imminent danger, Plaintiff does not state a claim because he fails to allege that Officer Mendoza was subjectively aware of any danger or any threat made against Plaintiff by any inmate. *Id.* The Court **OVERRULES** this objection. *See Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (explaining that Plaintiff must demonstrate that official is aware of risk).

Plaintiff also objects to the M&R's recommendation to dismiss his claims regarding the opening of his legal mail. (D.E. 25, p. 32–46). The M&R recommends dismissal of this claim because Plaintiff failed to identify any prejudice to his position as a litigant in any nonfrivolous case that resulted from the alleged opening of his mail. (D.E. 12, p. 17–18) (citing *United States v. McRae*, 702

F.3d 806, 830–31 (5th Cir. 2012)). Plaintiff's objections to the dismissal of this claim merely recount various legal standards. *See* (D.E. 25, p. 32–46). Nowhere does Plaintiff specify how his position as a litigant was prejudiced by the alleged opening of his mail. Accordingly, the Court **OVERRULES** this objection.

Finally, Plaintiff objects to the M&R's recommendation to dismiss his claims relating to the provision of incorrect addresses and official policy of same. (D.E. 25, p. 47–56). The M&R recommends dismissal of this claim on the grounds that it is not cognizable under § 1983. (D.E. 12, p. 20). Specifically, the M&R explains that, although a prisoner has a First Amendment right to petition the government for redress of grievances, nothing suggests that right extends to petitions to other non-governmental entities such as media outlets or nonprofit organizations. *Id.* (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)). And, similarly, Plaintiff has failed "to plausibly allege the existence of a constitutionally protected right to have jail officials facilitate petitioning of the government by providing him with addresses of government officials." *Id.* And, because Plaintiff has not alleged a constitutional violation cognizable under § 1983, *Monell* liability cannot attach either. *Id.* at 23–24. Plaintiff's objection seems to argue that the provision of over a dozen allegedly incorrect addresses gives rise to *Monell* liability. (D.E. 25, p. 54). That does not change the fact that Plaintiff's claim is not cognizable under § 1983 because he does not allege a constitutional violation. (D.E. 12, p. 10) The Court **OVERRULES** this objection.

### V. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff objected, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 25), and **ADOPTS** the finding and conclusions of the M&R, (D.E. 12). The Court **DISMISSES** Plaintiff's claims with prejudice for failure to state a claim. The Court **DENIES** Plaintiff leave to amend. The Court

**IMPOSES** a strike against Plaintiff for purposes of 28 U.S.C. § 1915(g) and **ORDERS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas. A final judgment will enter separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
         April 4, 2025